IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

YOLANDA JOHNSON, INDIVIDUALLY AND
YOLANDA JOHNSON COURT APPOINTED
CONSERVATOR, FOR AND ON BEHALF OF
THE ESTATE OF RODNEY JOHNSON, ADULT WARD          PLAINTIFFS

V.                                    CIVIL ACTION NO. 1:14CV26-MPM-DAS

MCELROY TRUCK LINES, INC.
AND ROY MERRITT                                    DEFENDANTS

**MEMORANDUM OPINION**

Before the Court is Defendants' motion for summary judgment [Doc. 48]. Upon due consideration, the Court finds that the motion should be granted in part and denied in part. This is a negligence action arising out of an automobile accident that occurred in West Point, Mississippi.

I.    **STATEMENT OF FACTS**

On December 4, 2015, the plaintiff, Rodney Johnson, sustained severe injuries in a two-vehicle collision at the intersection of U.S. Highway 45 Alternate and Industrial Road. The accident occurred while plaintiff was making a left turn off of Highway 45 onto Industrial Road. At the same time, defendant Roy Merritt was travelling northbound on Highway 45 in a tractor-trailer rig owned and operated by defendant McElroy Truck Lines, Inc. As plaintiff was completing his turn onto Industrial Road, Merritt's tractor-trailer collided into the passenger side of plaintiff's vehicle. Plaintiff's injuries required extensive care and a long hospital stay; therefore, his mother, Yolanda Johnson, was appointed conservator of his estate. On plaintiff's behalf and in her personal capacity, Yolanda Johnson filed suit in the Circuit Court for Clay

County, Mississippi, but the suit was removed to this Court on February 13, 2014. This much is undisputed.

The plaintiff alleges that the accident and resulting injuries and damages were a direct and proximate result of both defendants' negligence. As to Merritt, the plaintiff claims that he was negligent per se in failing to obey a traffic control device, or in the alternative, that he was negligent in failing to yield the right of way to him. As to McElroy Truck Lines, the plaintiff claims it was negligent in hiring, training and retaining Merritt as an employee, and he claims that McElroy Truck Lines was negligent in failing to inspect, repair and maintain the tractor-trailer rig involved in the collision. Moreover, the complaint provides that, as Merritt's employer, McElroy Truck Lines is vicariously liable for Merritt's alleged negligence.

The defendants have filed the present motion for summary judgment, arguing that: 1) the plaintiff has failed to offer any proof in support of his negligent hiring, training and retention claims; 2) the plaintiff has failed to offer any proof in support of his negligent inspection, repair and maintenance claims; and 3) in light of recent recantations of eyewitness testimony, the plaintiff has failed to create a genuine dispute of material fact regarding whether Merritt was at fault for the accident, thereby leaving necessary elements of his claims wanting and the defendants' offers of proof uncontroverted.

## II.  DISCUSSION

### A.  SUMMARY JUDGMENT

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 requires that materials supporting or opposing the motion be admissible at trial.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990). The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant has the burden in responding to summary judgment to designate sufficient facts to show a material dispute to be resolved by trial.

> This burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by "conclusory allegations," *Lujan,* 497 U.S. at 871-73, 110 S. Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla' of evidence," *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). *Little,* 37 F.3d at 1075.[1]

---

[1] Quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

### B. SUMMARY JUDGMENT GRANTED IN PART

#### 1. Negligent Hiring, Retention, and Training

In Mississippi, "an employer will be liable for negligent hiring or retention of his employee when an employee injures a third party if the employer knew or should have known of the employee's incompetence or unfitness." *Parmenter v. J&B Enterprises, Inc.*, 99 So.3d 207, 217 (Miss. Ct. App. 2012) (citing *Eagle Motor Lines v. Mitchell*, 223 Miss. 398, 411-12, 78 So.2d 482, 486-87 (1955)). To establish a prima facie case, a plaintiff must prove that the employer had either actual or constructive knowledge of an employee's incompetence or unfitness before the employer will become liable. *Id.* Therefore, to survive summary judgment, there must be a genuine dispute regarding whether McElroy had any knowledge of Merritt's incompetence or unfitness to perform his duties.

McElroy Truck Lines has offered volumes of documents [Doc. 49, exhibit 1] to establish that Merritt was a competent and capable driver. Moreover, in Merritt's affidavit [Doc. 49, exhibit 10], he states that he belongs to the "One Million Mile Club," which he explains is awarded to those long haul drivers who log a million miles or more without being involved in an accident for which they are at fault. Plaintiff has offered no proof establishing a prima facie case, nor has plaintiff controverted the proof offered by the defendants. As it stands, the record

simply cannot support the proposition that McElroy Truck Lines knew or should have known that Merritt was incompetent or unfit for his duties with McElroy Truck Lines.

Accordingly, this Court finds that there are no genuine disputes of material fact as to plaintiff's negligent hiring, retention and training claims.

### 2. Negligent Inspection, Repair and Maintenance

Mississippi analyzes claims for negligent inspection, repair and maintenance using the general, four-element negligence analysis. *See Weathersby Chevrolet Co., Inc. v. Redd Pest Control Co., Inc.*, 778 So.2d 130, 133 (Miss. 2001). These elements are: duty, breach, causation and damages. *Id.* Accordingly, to survive a motion for summary judgment, the record must contain sufficient bases to establish these four essential elements, and there must be a genuine dispute of material fact regarding these elements. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 322; and *see* Fed. R. Civ. P. 12(b)(6) & 56(e).

The record is simply bereft of any facts tending to show that McElroy Truck Lines failed to inspect, repair and maintain the tractor-trailer rig in good working condition. Moreover, in an exhibit submitted by the plaintiff [Doc. 54, exhibit 2], the police report generated on the day of the accident, there is a section entitled "Contributing Circumstances." Within this section, there is an unmarked box next to the contributing circumstance entitled "Faulty Equipment." In addition to this factual concession, the defendants have submitted an exhaustive service history [Doc. 49, exhibit 2] of the tractor-trailer rig involved in the collision. The service history remains uncontroverted. As it stands, the record is utterly devoid of any fact tending to establish the requisite elements for plaintiff's claim.

Accordingly, this Court finds that there are no genuine disputes of material fact as to plaintiff's claim for negligent inspection, repair, and maintenance.

## C. SUMMARY JUDGMENT DENIED IN PART

Turning now to plaintiff's negligence claims against Merritt, the Court finds that genuine disputes of material fact do exist and that the defendants have failed to show they are entitled to judgment as a matter of law.

The Court is not unmindful of the credibility issues involved in this case. Allegations in sworn deposition testimony that an attorney associated with plaintiff's counsel essentially purchased and shaped affidavits containing eyewitness testimony are suspect and disturbing. Moreover, allegations in defendants' memorandum raise concerns of foul play, i.e., that a representation was made on June 27, 2014 to defendants' counsel that plaintiff could not remember anything about the accident, and plaintiff's case in chief now hinges on an affidavit composed by Rodney Johnson on December 9, 2014.

Nevertheless, this Court must "refrain from making any credibility determinations or weighing of evidence" at this stage in the litigation. *Turner*, 476 F.3d at 343. Rather, this Court's inquiry is whether the plaintiff has made a "sufficient showing to establish the existence of an element essential to [its] case." *Celotex Corp.*, 477 U.S. at 322. Again, in order for the plaintiff to establish a prima facie case for negligence, the record must contain facts that tend to establish the four elements comprising this cause of action: duty, breach of duty, proximate cause and damages. *See Weathersby Chevrolet Co., Inc.*, 778 So.2d at 133. Claims for negligence per se must also satisfy these elements, as "negligence per se supplies only the duty and breach elements of a tort." *Delahoussaye v. Mary Mahoney's, Inc.*, 783 So.2d 666, 671 (Miss. 2001). Under the doctrine of negligence per se, an act will be presumed negligent, thereby establishing the elements of duty and breach, if the claimant "proves[s] that he was a member of the class sought to be protected under the statute and that his injuries were of a type sought to be avoided." *Snapp v. Harrison*, 699 So.2d 567, 571 (Miss. 1997). Nevertheless, the claimant must

still prove causation and damages by showing that the statutory violation proximately caused his injuries. *Id.*

Plaintiff's affidavit creates genuine disputes as to the material facts regarding who was at fault for the accident. His affidavit [Doc. 54, exhibit 1] states that he had the green arrow giving him the right of way when he began making his ill-fated turn onto Industrial Road. Conversely, Merritt's affidavit [Doc. 49, exhibit 1] and an eyewitness's account cited in the police report [Doc. 54, exhibit 2] state that Merritt had the right of way because he had the "green ball light." These irreconcilable accounts are genuine disputes of material fact; they throw the essential elements of negligence into conflict. Therefore, plaintiff's claims against Merritt for negligence and negligence per se must proceed to trial. Consequently, plaintiff's vicarious liability claim against McElroy Truck Lines must also proceed to trial because nothing in the record disputes that the accident occurred within the course and scope of Merritt's employment.

### III. CONCLUSION

In light of the foregoing, defendants' motion for summary judgment is granted as to plaintiff's claims against McElroy Truck Lines, Inc. for negligent hiring, training and retention, and for negligent inspection, repair and maintenance. However, defendants' motion for summary judgment is denied as to plaintiff's claims against Merritt for negligence and negligence per se, and for plaintiff's vicarious liability claim against McElroy Truck Lines, Inc.

SO ORDERED this the 14th day of January, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE