# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

YOLANDA JOHNSON, INDIVIDUALLY AND
YOLANDA JOHNSON COURT APPOINTED
CONSERVATOR, FOR AND ON BEHALF OF
THE ESTATE OF RODNEY JOHNSON, ADULT WARD           PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:14CV26 -DAS

MCELROY TRUCK LINES, INC.
AND ROY MERRITT                                      DEFENDANTS

## ORDER

This matter is before the court on plaintiffs' Motion in Limine (#73). Having considered the motion, the court finds as follows:

### A. Timeliness

Defendants argue that plaintiffs' motion in limine is untimely because it was filed after the motions deadline. Concededly, the case management order stated generally that all motions were due on March 3rd, 2015. However, the motions deadline only pertained to dispositive and *Daubert*-type motions. As for the present motion, the Local Uniform Civil Rules provide that "[m]otions *in limine* other than motions challenging another party's expert must be filed no later than fourteen days before the pretrial conference…" L.U.Civ. R. 7(b)(2)(D). Therefore, plaintiffs' motion is not barred by the case management order deadline.

### B. Felony Conviction

Plaintiffs submit that Rodney Johnson ("Johnson") has previously been convicted on a drug related charge. They seek to prevent defendants from submitting evidence regarding his conviction at trial, citing Federal Rule of Evidence 609. However, because defendants concede that Johnson's prior conviction is inadmissible, the court finds this issue is moot.

## C. Traffic Citation

Following the collision, Johnson was issued two citations, one for driving while his license was suspended, and one for failing to have proof of insurance. Plaintiffs seek to prevent any party or witness from testifying about these citations, arguing that such testimony would lack probative value and would be unfairly prejudicial. Defendants object to this characterization and submit that it is highly relevant because it might show that Johnson has a history of negligent/reckless driving.

While the court is fully aware that the federal rules of evidence, rather than state rules, govern the admissibility of evidence in diversity cases, there is a Mississippi case that provides sound language to exclude evidence similar to that at issue in the present case. *Reed v. General Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985). In *Myrick v. Holifield*, 126 So.2d 508 (1961), the court considered the absence of a driver's license and wrote: "To what end and with what probative value does the failure to acquire an operator's license have on the issue of whether the driver of the vehicle was negligent on the specific occasion in question?" *Id*. at 511. The court answered "none" because the "duty owing to an opposite party in an action of negligence must be capable of having some causal connection between it and the injury complained of." *Id*. This court agrees, and thus the court holds that the defendants shall not submit any evidence at trial pertaining to the citations at issue or the fact that the plaintiff was operating a vehicle while his license was suspended.

## D. Shane McLaughlin's Statement

Previously, Shane McLaughlin was counsel of record for plaintiffs in this case. During a deposition in which he participated, McLaughlin allegedly stated that Johnson could not remember anything about the accident. Plaintiffs argue that this statement was never made and

have offered some evidence in support of their contention. Nevertheless, plaintiffs seek to prevent any party or witness from testifying about this statement and argue that it is inadmissible hearsay. In response, defendants argue that McLaughlin's statement falls under Federal Rule of Evidence 801(d)(2)(D) because he was acting as plaintiffs' agent at the time the statement was made, making the statement not hearsay.

Under Rule 801, an out of court statement by an opposing party's agent is not hearsay if it was made during the course and within the scope of that relationship. Fed. R. Evid. 801(d)(2)(D). Just as any other agent, an attorney may make statements that the law attributes to the principal. *Laird v. Air Carrier Engine Service, Inc.*, 263 F.2d 948, 953 (5th Cir. 1959). However, defendants have failed to establish sufficiently that McLaughlin ever made the alleged statement. The deposition transcript containing McLaughlin's statement was never submitted to the court. Instead, defendants submitted a transcript from a subsequent deposition in which, they contend, Johnson confirms McLaughlin's previous statement. However, because this testimony is obscure, the court defers the issue until trial when it will then hear argument to clarify the matter.

### E. Shikenwa Hawkins and Angela Hargrove

After the collision, plaintiffs' counsel contracted with an investigator from Starkville, Mississippi to interview witnesses to the collision. Two of the witnesses interviewed, Shikenwa Hawkins and Angela Hargrove, were employees of a Sprint Mart store located very close to the scene of the accident. Both witnesses signed affidavits stating they personally observed the collision and that Johnson had the right of way. At a subsequent deposition, however, they stated that they had not actually witnessed the collision and retracted their previous statements.

One witness also alleged that the interviewer told them what to write and made promises of recompense for favorable testimony.

Plaintiffs' motion seeks to prevent any party or witness from testifying about the circumstances described above. They argue that Hawkins' and Hargrove's past statements and testimony should be excluded because it is irrelevant to the underlying action and would be unfairly prejudicial. Defendants respond by arguing that Hawkins' and Hargrove's prior statements are highly relevant: they strike at the very heart of the plaintiffs' credibility.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. This case turns on whether Johnson did, in fact, have the right of way when he entered the intersection. This fact is hotly contested by the two parties to the accident, and few, if any, non-party eyewitnesses actually observed the status of the traffic signal at the time of the collision. Therefore, Johnson's credibility plays a significant role in the outcome of this case, so this evidence is relevant.

Notwithstanding its relevance, plaintiffs argue that this evidence should be excluded under Federal Rule of Evidence 403. Under this rule, even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. After considering the matter in light of Rule 403, the court finds the issue largely tangential to the merits of the case and finds any probative value is substantially outweighed by the danger of unfair prejudice. Accordingly, the testimony related to the affidavits and subsequent retraction of both Shikenwa Hawkins and Angela Hargrove will not be allowed.

## F. Testimony Re: Traffic Signal

According to plaintiffs' motion, only three witnesses allege to have personally observed the collision: Roy Merritt, Rodney Johnson, and Lee Smith. Plaintiffs seek to prevent any party or witness from testifying about the status of the traffic signal unless such person personally observed the collision. Therefore, plaintiffs argue that Joann White, Officer Lampton, and defendant's expert witness should all be precluded from testifying as to the status of the traffic signal pursuant to Rule 801. In response, defendants argue that the court should refrain from ruling on this matter until these witnesses are actually tendered, if at all, at trial. Further, defendants argue that, even if these witnesses are called to establish Roy Merritt had the right of way, their testimony would be subject to cross-examination.

Defendants misconstrue the rules governing the admissibility of hearsay. The Federal Rules of Evidence do not provide that hearsay is admissible so long as the other party is provided an opportunity to cross-examine the declarant. Rather, out of court statements used to prove the truth of the matter asserted are inadmissible unless they fall into an exception. Fed. R. Evid. 802. Defendants concede that Joann White's testimony is not based on her own personal observation, but that of her grandson. Defendants also fail to rebut plaintiffs' contention that neither Officer Lampton nor their expert witness personally observed the collision. Testimony founded on the personal observations of others is precisely what Rule 802 prohibits, which, apparently, is all the previously mentioned witnesses are equipped to offer regarding the status of the traffic signal. Consequently, White, Lampton, and defendants' expert shall be precluded from testifying at trial about the status of the traffic signal.

## G. Testimony Re: "Charity"

Rodney Johnson was transported to the North Mississippi Medical Center ("NMMC") for treatment of his injuries. According to the pleadings, Johnson has incurred more than $300,000.00 in medical expenses. After discharging Johnson, NMMC has been sending medical bills to his residence, some of which bear the word "charity." Plaintiffs seek to prevent defendants from arguing that "charity" is proof that Johnson is not responsible for his medical bills with NMMC. In support, plaintiffs offer another correspondence from NMMC, titled "Notice of Lien Recovery," which states that NMMC "has an assigned and implied right to recovery for payment for total charges of outstanding medical bills…" Doc. 73, pp. 557-58.

The court has previously considered this matter in its order with respect to defendants' motion in limine (#72). In their motion, defendants sought an order prohibiting plaintiffs from testifying about the amount of medical bills Rodney Johnson incurred because they believed his bills were written off as charity by NMMC. However, the court found that plaintiffs were entitled to submit Johnson's medical bills under Mississippi's collateral source doctrine. This doctrine also provides that a "wrongdoer is not entitled to have the damages to which he is liable reduced by proving that [a] plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent from him." *McGee v. River Region Medical Center*, 59 So.3d 575, 581 (Miss. 2011). Therefore, the court agrees with the plaintiffs and finds that defendants are barred from introducing any evidence at trial to show that Johnson is not responsible for the medical bills he incurred at NMMC.

**SO ORDERED** this, the 1st day of May, 2015.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE